■ In the Matter of BROOKLYN BAR ASSOCIATION, Petitioner, v. LOUIS FRIED, Respondent.— Application by respondent to vacate an order of this court, made January 10, 1936, which struck his name from the roll of attorneys and counselors at law. Application denied. Respondent now contends that since the Federal crime of which he was convicted did not in fact constitute a felony under the laws of the State of New York, this court lacked jurisdiction to render its 1936 order disbarring him without a hearing (see 246 App. Div. 817). Respondent's contention must be rejected. It cannot be disputed that respondent was afforded every opportunity to request a hearing; that he defaulted in making such request; and that he never moved to open his default. Under the circumstances, it must be held that respondent has waived his right to a hearing — now belatedly asserted 28 years later. In any event, respondent did in fact have a plenary hearing. It appears that on a prior application by respondent for reinstatement he was accorded such a hearing before an Official Referee upon the issue as to whether, in the light of his entire course of conduct, including the crime for which he was convicted in the Federal court and his conduct subsequent to his conviction, he possessed the requisite character and fitness to be an attorney and counselor at law. After extensive hearings the Referee found that respondent did not possess such character because he had committed acts involving moral turpitude. After review, we confirmed the Referee's finding and denied the application for reinstatement (*Matter of Fried*, 14 A D 2d 920). Such application was denied in 1961. In any event, therefore, no useful purpose would be served by now according to the respondent a hearing *de novo*. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ In the Matter of DONALD MURRAY, Petitioner, v. THOMAS M. STARK, as County Judge of Suffolk County, et al., Respondents.— Proceeding under article 78 of the Civil Practice Law and Rules, commenced in this court pursuant to section 506 of the Civil Practice Law and Rules: (a) to review and annul the determinations of the three respondents: the County Judge, the Police Captain and the District Attorney of Suffolk County, recommending the revocation of and revoking the petitioner's pistol license and the petitioner's pistol dealer's license; and (b) to direct respondents to reinstate such licenses. On the return date of the proceeding, respondents moved pursuant to statute (CPLR 7804, subd. [f]), to dismiss the petition on the ground, *inter alia*, that on its face it is insufficient to entitle petitioner to the relief demanded. Motion to dismiss granted, and petition dismissed, without costs and without prejudice to the service of an amended petition, within 30 days after entry of the order hereon, stating *with respect to each respondent*: (a) the specific wrongs of which complaint is made; (b) the specific grounds upon which petitioner seeks relief (see CPLR 7803); and (c) the specific provisions of law upon which petitioner relies for his right to relief. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.